IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GREEN | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | NO. 03-CV-01052 |
| DONALD VAUGHAN, et al. | : | |
| Respondents | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                        FEBRUARY 6th, 2007

      James Green petitions for a writ of habeas corpus, seeking relief from his state court convictions.  28 U.S.C. § 2254.  The Magistrate Judge recommended that the Court deny the petition and Green filed timely objections.  The Court agrees with the Magistrate, overrules Green's objections, and denies the writ.

**FACTUAL & PROCEDURAL HISTORY**

      In 1989, after a jury trial before the Honorable Joseph D. O'Keefe, Court of Common Pleas of Philadelphia County, Green was convicted of first degree murder, aggravated assault, recklessly endangering another person and possession of an instrument of crime.  See Report & Recommendation of Magistrate Judge Peter B. Scuderi ("R&R") at 3.  In 1990, Judge O'Keefe sentenced Green to life in prison for murder and gave him concurrent sentences of 11 and 22 years for the other offenses.  Id.

      The Superior Court affirmed the trial court's judgment on appeal and the Pennsylvania Supreme Court refused Green's request for *allocatur*.  R&R at 4.  In 1997, Green filed a *pro se*

petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541–9546 (2006). Id. at 4-5. The PCRA court denied Green's PCRA petition, the Superior Court affirmed the denial and the Pennsylvania Supreme Court refused Green's petition for allowance of appeal. See R&R at 5-6.

On February 26, 2003, Green filed the instant counseled petition for a writ of habeas corpus. On March 27, 2003, Green filed a second PCRA petition. Shortly thereafter, Judge Cynthia M. Rufe approved Chief U.S. Magistrate Judge James R. Melinson's Report and Recommendation that the habeas petition be stayed and placed in civil suspense pending the PCRA proceeding. Concurrently, the PCRA court dismissed Green's second petition as untimely and the Superior Court affirmed. Id. at 7. Green did not seek allowance of appeal of his second PCRA petition in the Pennsylvania Supreme Court. On August 4, 2004, with the PCRA petition resolved, Judge Rufe ordered Green's habeas petition removed from civil suspense.

After being granted leave to take additional limited discovery, Green amended his habeas petition in April 2005 to include a claim that Calvin Davis, one of the Commonwealth's witnesses in Green's 1989 murder trial, committed perjury with the Commonwealth's knowledge during the trial. On August 29, 2005, U.S. Magistrate Judge Peter B. Scuderi issued a Report recommending that Green's habeas petition be denied. On the same day, the Clerk of Court docketed a motion from Green seeking leave to amend his habeas petition to reflect newly discovered evidence. On September 6, 2005, Green filed objections to the Report arguing, *inter alia*, that the Magistrate had failed to consider his Motion For Leave to Amend.

Judge Rufe denied the Report and remanded the case to Magistrate Judge Scuderi to consider Green's request for leave and allow the parties to brief any issues raised by Green's

newly discovered evidence.  After briefing on the new evidence, Magistrate Judge Scuderi issued a Supplemental Report on January 26, 2006 recommending denial of Green's habeas petition.  On February 15, 2006, Green filed timely objections to the Supplemental Report.

## STANDARD OF REVIEW

The extent of District Court review of a Magistrate Judge's Report & Recommendation is left to the Court's discretion.  See, e.g., Thomas v. Arn, 474 U.S. 140, 154 (1985); Henderson v. Carlson, 812 F.3d 874, 878 (3d Cir. 1987).  The District Court must review *de novo* those portions of the Report & Recommendation to which Green objects.  See 28 U.S.C. § 636(b)(1)(c) (2004); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

The District Court is obligated to construe the contentions in a *pro se* petition liberally in order to ensure just and appropriate review of the claims brought.  See, e.g., Hunterson v. DiSabato, 308 F.3d 226, 243 (3d Cir. 2002); Villoch v. Superintendent of SCI Huntingdon, 2006 WL 406404, at *2 (E.D. Pa. Feb. 15, 2006).

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires federal courts engaged in collateral review of state court proceedings to give considerable deference to state courts' legal and factual determinations.  See Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).  The AEDPA is consistent with the Supreme Court's sentiment that "[b]oth the historic nature of the writ and principles of federalism preclude a federal court's direct interference with a state court's conduct of state litigation."  Wainwright v. Sykes, 433 U.S. 72, 81 (1977); see also

Barry v. Brower, 864 F.2d 294, 300 (3d Cir. 1988).  As amended by the AEDPA, 28 U.S.C. Section 2254(d) states that an habeas corpus petition may be granted only if the state court's adjudication of petitioner's claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court's adjudication resulted in a decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 323 (2003).  To that end, a state court's factual determinations "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1); see also Lambert, 387 F.3d at 235.

      The Supreme Court clarified the meaning of the AEDPA in Williams v. Taylor, 529 U.S. 362 (2000).  A state court's decision is "contrary to clearly established federal law" if the state court either "contradicts the governing law set forth in [the Supreme Court's] cases," id. at 405, or "confronts a set of facts that are materially indistinguishable from a decision of the [Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent."  Id. at 406. An "unreasonable application" of federal law occurs where either the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular [] case," id. at 407, or the state court "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Id.  See also Hackett v. Price, 381 F.3d 281, 286 (3d Cir. 2004).  It should be noted, however, that "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's

incorrect or erroneous application of clearly established federal law was *also* unreasonable." Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (emphasis supplied) (citing Williams, 529 U.S. at 389).

## DISCUSSION

### I. Green's Claims and Objections

Green's habeas petition, as amended,[1] contains the following non-defaulted claims:

1. The prosecution knew or should have known that Commonwealth witness Calvin Davis perjured himself concerning the possibility that he would be indicted;

2. Ineffectiveness of trial counsel in failing to request a jury charge on *crimen falsi* convictions of Mr. Davis;

3. PCRA Court error in finding Michael Imes' potentially exculpatory testimony not credible; and

4. Ineffectiveness of PCRA counsel in failing to call a Sergeant Cox at the post-conviction hearing.[2]

Magistrate Judge Scurderi filed his first Report & Recommendation on August 29, 2005 recommending denial of Green's habeas petition. On September 6, 2005, Green filed objections to the Report. On January 26, 2006, Magistrate Judge Scuderi filed a Supplemental Report

---

[1] Green amended his claims in May 2005. Magistrate Judge Scuderi did not order Green to formally file an amended petition after he presented additional evidence in August 2005 because, as Green stated in his Motion For Leave to Amend, he did not assert a "new" ground for relief, but rather sought to incorporate "newly discovered evidence" to support his previous claims.

[2] Green also asserted the following claims, which Magistrate Judge Scuderi found were procedurally defaulted without excuse: (1) trial court error in permitting the admission of a potentially coerced tape recorded statement of Commonwealth witness Reginald Breeden without a hearing to determine coercion; (2) trial court error in permitting the admission of a tape recorded statement of Mr. Breeden that was not produced to the defense during discovery; (3) prosecutorial misconduct during the Commonwealth's closing argument; (4) ineffectiveness of trial counsel in failing to call Virgil Carter as a witness; (5) ineffectiveness of trial counsel in failing to adequately prepare for trial; (6) ineffectiveness of trial counsel in failing to object and seek suppression of the tape recorded statement of Mr. Breeden; and (7) ineffectiveness of trial counsel in failing to object, move for a mistrial, or seek cautionary instructions where the prosecutor made improper statements during closing argument. Green does not object to the Magistrate's finding of procedural default and the Court adopts that finding without discussion.

recommending denial of the petition.  On February 15, 2006, Green objected to the Supplemental Report.  Green's objections to the Report and Supplemental Report are consolidated as follows:

1. The adoption of the state courts' "misframing" of petitioner's claim concerning the Commonwealth's failure to disclose Mr. Davis' record as an informant;

2. Failure to consider Green's Motion for Leave to Amend in light of newly discovered evidence regarding Mr. Davis' criminal history;

3. The Magistrate Judge erred in finding insufficient evidence to show actual innocence;

4. The Magistrate Judge erred in finding that the Commonwealth did not know nor negligently failed to know of Mr. Davis' record of criminal conviction;

5. The Magistrate Judge erred in finding that the evidence relating to Mr. Davis' arrest record that the prosecution allegedly failed to disclose does not establish a Brady[3] violation;

6. The Magistrate Judge erred in holding that trial counsel's failure to request a *crimen falsi* jury instruction amounted to harmless error;

7. The Magistrate Judge erred in holding that ineffective assistance of PCRA counsel does not provide a constitutional basis for habeas relief;

8. The Magistrate Judge erred in concluding that a federal court cannot review Green's claim that the PCRA court erroneously disregarded Michael Imes' exculpatory testimony;

9. Green's *pro se* objections concerning the prosecution's alleged failure to disclose Mr. Davis' arrest record and the state court and Magistrate Judge's decisions concerning the effect of failing to disclose Mr. Davis' arrest record;[4] and

10. The Magistrate Judge's decision not to grant a hearing and additional discovery

---

[3] Green refers to Brady v. Maryland, 373 U.S. 83 (1963).

[4] Green's *pro se* objections were presented to the Court as a letter exhibit attached to objections to Magistrate Judge Scuderi's Supplemental Report filed by petitioner's counsel and dated February 15, 2006, and again as an attachment of the identical objections to a January 31, 2007 letter Green wrote to the Court after the Court granted petitioner's counsel's motion to withdraw on January 19, 2007.  The Court has given due consideration to Green's objections.

concerning new evidence of potential Calvin Davis aliases.[5]

**II.     The Initial Report & Recommendation**

The Court will first consider Green's objections to those claims covered in the Magistrate's initial Report.

   1.     Brady Claim Objection (No. 5)

Green objects to the Magistrate's finding that the prosecution's alleged failure to disclose Mr. Davis' arrest record established a violation of the due process standards set forth in Brady v. Maryland, 373 U.S. 83, 87 (1963).  Brady holds "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution."  Id.  The Supreme Court later recognized that a Brady claim lies whether or not the defendant requested the suppressed evidence in cases that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  U.S. v. Bagley, 473 U.S. 667, 682-83 (1985).

On the same day that Green filed his February 2003 habeas petition, he moved for leave to take limited discovery concerning Mr. Davis' federal pre-sentence report ("PSI")[6] and a four page F.B.I. abstract regarding Mr. Davis.  Magistrate Judge Scuderi granted Green's motion on April 7, 2005, and on May 24, 2005 Green filed a Supplemental and Amended Motion for Leave to Take Limited Discovery, which Magistrate Judge Scuderi denied.

---

[5] The Court notes that Green incorporated objections 1, 6, 7 and 8 into his objections to both Magistrate Judge Scuderi's initial and Supplemental Reports.

[6] The PSI was prepared for U.S. v. Davis, CV 489-006, held before Judge B. Avant Edenfield of the U.S. District Court for the Southern District of Georgia.  See Supplemental Report & Recommendation of Magistrate Judge Peter B. Scuderi ("Supp. R&R") at 5.

Green asserts that Mr. Davis' PSI report indicates that he was under investigation for forgery at the time he made an incriminating statement to police regarding Green, and that Mr. Davis had previously been a government informant. The contents of Mr. Davis' PSI report were addressed in Green's PCRA challenges, where the court concluded that there was no evidence that the Commonwealth was aware of the PSI report at the time of Green's trial. See R&R at 18.[7] The PCRA court pointed out that, even if the Commonwealth was aware of the PSI report, the potential impeachment evidence contained therein was inadmissible because Pennsylvania law prohibits the use of prior arrest evidence for impeachment, allowing only evidence of conviction. See, e.g., Commonwealth v. Katchmer, 309 A.2d 591, 593 (Pa. 1973). The court added that, contrary to Green's assertions, the PSI report did not reveal Mr. Davis' status as a confidential informant. Moreover, Green's trial counsel explored the issue of Davis' credibility on cross-examination, including Mr. Davis' status as a federal prisoner and his general truthfulness, see R&R at 19-20, thus rendering any additional evidence of Davis' criminal history of minimal impeachment value. See Hollman v. Wilson, 158 F.3d 177, 182 (3d Cir. 1998) (concluding that undisclosed impeachment evidence of *crimen falsi* convictions was cumulative and thus its omission did not undermine the court's confidence in the guilty verdict when the witness had been repeatedly impeached on cross-examination).

The alleged suppression of information contained in Mr. Davis' PSI report notwithstanding, Green has failed to demonstrate a reasonable probability that the outcome of his trial would have been different had the aforementioned evidence been presented. In reviewing the evidence against Green, the trial court found that "testimony by several witnesses states that

---

[7] The Superior Court agreed with this assessment on appeal. See R&R at 18, n.10.

[Green] was looking for the victims because they stole his stereo. Further testimony demonstrated that [Green] was going to let the victims 'have it' for stealing his stereo." R&R at 21. This Court thus agrees with the trial court and Magistrate Judge Scuderi that, given the weight of the evidence presented against Green, he has not demonstrated "a reasonable probability that the [criminal] jury would have returned a different verdict if the information had been disclosed." Smith v. Holtz, 210 F.3d 186, 198-99 (3d Cir. 2000).

        2.        *Crimen Falsi* Instruction Objection (No. 6)

Green objects to the Magistrate's holding that trial counsel's failure to request a *crimen falsi* instruction was harmless error. The Supreme Court articulated the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), explaining that the petitioner must show counsel's performance to be deficient, and demonstrate that the deficient performance prejudiced the defense. Id. at 687. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," courts should be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

The Pennsylvania Superior Court reviewed trial counsel's failure to request a *crimen falsi* instruction in Green's initial direct appeal in 1990, finding that, assuming Mr. Davis was in fact in prison for *crimen falsi*, although failure to request the instruction may have been deficient,

it did not prejudice the defense because Mr. Davis' testimony was not the primary evidence establishing Green's guilt. See R&R at 23-24. Magistrate Judge Scuderi found that the state court's decision was neither contrary to, nor an unreasonable application of, the standard annunciated in Strickland. Id. at 24. The Court agrees. At trial, the Commonwealth produced three witnesses whose testimony adequately demonstrated Green's intent and motive, and a police detective further corroborated the testimony of one of the witnesses. Accordingly, Green's objection in this regard is overruled.

       3.      PCRA-Related Objections (Nos. 7 and 8)

Green claims that the PCRA court abused its discretion in finding the proffered testimony of Michael Imes' not credible, and objects to the Magistrate's determination that this claim provides no basis for federal habeas relief. The Court agrees with Magistrate Judge Scuderi. State courts are not constitutionally obligated to provide state collateral review. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 557 (1986). A claim that a state PCRA court erred in its handling of a state-created right of collateral review thus does not "arise under the Constitution, laws or treatises of the United States," 28 U.S.C. § 2254(a), and provides no basis for federal habeas relief.

Green also objects to the Magistrate's conclusion that Green's ineffective PCRA counsel claim does not provide a basis for habeas relief. This Court again agrees with Magistrate Judge Scuderi. Section 2254(I), as amended by the AEDPA, specifically provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254." 28 U.S.C. § 2254(I); see also Finley, 481 U.S. at 567.

4.     "Actual Innocence" Objection (No. 3)

While the Court believes that the above discussion has fully addressed Green's objection to the Magistrate Court's finding that Green failed to demonstrate actual innocence, in the interest of judicial clarity and affording Green a full and fair hearing, the Court will address that objection directly.  On its face, Green's objection asks the Court to second-guess the conclusions of all three levels of the Pennsylvania court system, a jury of Green's peers, and the determinations of two state courts sitting on collateral appeal.  In considering Green's claims, the Court is mindful that the "grave remedy of upsetting a judgment entered by another judicial system after full litigation" must be "reserved for grave occasions." Lindh v. Murphy, 96 F.3d 856, 871 (7th Cir. 1996), *rev'd and remanded on other grounds*, 521 U.S. 320 (1997).  The state court system in which Green was convicted has repeatedly denied him relief on both direct and collateral appeal, and this Court declines to disturb that result.

### III.     Objections Concerning Green's "New" Evidence (Nos. 1, 2, 4, 9 and 10)

Green's remaining objections go to the new evidence he claims to have discovered: criminal records ("NCIC records") of several persons with similar names, birth dates, and descriptions as the Calvin Davis who testified against Green in 1989.  Based on such records, Green objects to the Magistrate's adoption of the state courts' "misframing" of the Commonwealth's alleged failure to disclose Mr. Davis' criminal record, and to the Magistrate's finding that the Commonwealth did not know nor negligently failed to know of Mr. Davis' alleged criminal record.  Green claims that his new evidence proves that Mr. Davis had a substantial *crimen falsi* criminal record that the Commonwealth concealed during the trial and appellate process.

This Court overrules Green's objections because he has failed to demonstrate that the Calvin Davis who testified against him is also the Calvin Davis with a history of *crimen falsi* convictions; Green has merely raised the possibility that there are other individuals bearing the name Calvin Davis who have been convicted of such crimes.  Green argues that respondents should be ordered to obtain photographs from the NCIC database of the Calvin Davis at issue, as well as each of the similarly-named individuals to whom Green refers.  Given the evidence respondents have produced in opposition to Green's request, it is unnecessary to continue discovery in this matter.

Respondents first provided an affidavit from Richard A. Long, the Chief U.S. Probation Officer in the U.S. District for the Southern District of Georgia.  Mr. Long's affidavit explained that, in the process of preparing Mr. Davis' PSI report, he uncovered information related to the Calvin Davis who testified against Green, as well as other individuals of the same name with similar personal identifiers.  Mr. Long included only the criminal history information concerning the testifying Calvin Davis in his PSI report.  In addition, respondents point out that the individuals in the NCIC reports have different – albeit similar – names, birth dates, descriptions, and Social Security numbers.  Most significantly, respondents present evidence that each of the individuals have completely different state identification numbers, FBI identification numbers and fingerprints.  Given that "fingerprint identification enjoys a near mythical reputation for reliability," U.S. v. Mitchell, 365 F.3d 215, 243 n.22 (3d Cir. 2004), the Court finds that Green's "newly discovered evidence" is irrelevant because it does not concern the Calvin Davis who testified against him.

Finally, the Court notes that Green has objected both to Magistrate Judge Scuderi's

failure to grant a hearing concerning newly discovered evidence and the Magistrate's refusal to allow additional discovery concerning individuals with similar identifiers to Calvin Davis. Green's objection regarding additional discovery is now moot given his subsequent opportunity to present his "new" evidence.  Likewise, the Magistrate's refusal to grant further discovery is no longer relevant given this Court's finding that Green's new evidence does not relate to the Calvin Davis who testified against him.

      Green's objections are therefore overruled and his claims DENIED.  An appropriate order accompanies this memorandum opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GREEN | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| v. | : | |
| | : | NO. 03-CV-01052 |
| DONALD VAUGHAN, et al. | : | |
| | : | |
| Respondents | : | |

**O R D E R**

AND NOW, this 6th day of February, 2007, upon careful consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation and Supplemental Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and related filings,

IT IS ORDERED that:

1. The Report and Recommendation and Supplemental Report and Recommendation (Document No. 42) are APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is DENIED.

3. There is no basis for the issuance of a certificate of appealability.

IT IS FURTHER ORDERED that Judgment is entered on behalf of respondents and against petitioner.  The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.